UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MITTERNIGHT BOILER WORKS, INC., | § § § § § § § § § § § § § | |
| *Plaintiff,* | | Civil Action No. |
| v. | | |
| CITGO REFINING & CHEMICALS COMPANY, LP, | | Jury Demanded |
| *Defendant* | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND PETITION ON SWORN ACCOUNT**

TO THE HONORABLE JUDGE OF SAID COURT,

NOW COMES, Plaintiff, Mitternight Boiler Works, Inc., complaining of Citgo Refining & Chemicals Company, LP, Defendant, and for causes of action, would respectfully demonstrate to the Court the following:

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action or proceeding to grant relief pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to Mitternight Boiler Works, Inc.'s claims and causes of action occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## II.
## PARTIES

2. Plaintiff, Mitternight Boiler Works, is an Alabama Corporation whose address is 5301 Highway 43 N, Satsuma, Alabama 36572 ("Mitternight").

3. Citgo Refining & Chemicals Company, LP is a limited partnership with its headquarters located at 1293 Eldridge Parkway, Houston, Texas 77077 ("Citgo"). Defendant's actions arise out of business conducted in the State of Texas. The Texas Secretary of State can serve Citgo through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or anywhere Citgo may be found.

## III.
## FACTS

4. In August 2021, Mitternight and Citgo entered into an agreement wherein Mitternight agreed to perform work on the Third Stage Separator located at the Citgo plant in Corpus Christi, Texas (the "Work"). In exchange for the Work, Citgo agreed to pay (approved a bid for) $125,000.00 to Mitternight.

5. Mitternight performed and completed the Work to Citgo's satisfaction not later than February 17, 2022.

6. Upon completion of the Work, Mitternight submitted its charges of $119,278.02 to Citgo.

7. Citgo has refused to pay Mitternight for the Work by raising unreasonable questions and issues regarding the charges related to the Work. For instance, Citgo now refuses to pay Mitternight's charges for the time that its employees spent performing the Work despite the fact that an authorized agent of Citgo reviewed and approved all of the submitted time entries when they were submitted.

8. As of the time of this filing, Citgo has failed and refused to pay Mitternight *any* amount of money for the Work. Despite Citgo's unreasonable refusal to pay its debts, Mitternight has paid all of its debts: Mitternight has paid all of its employees who worked on the Citgo project as well as all of its vendors who supplied materials for the same.

9. The preceding was clearly stated in a demand letter issued by Mitternight to Citgo on October 19, 2022, attached herein as **Exhibit A** and incorporated by reference.

## IV.
## CAUSES OF ACTION/CLAIMS FOR RELIEF

**CLAIM ONE: BREAH OF CONTRACT**

10. Plaintiff hereby alleges and incorporates by reference the facts plead above.

11. Mitternight and Citgo executed a valid and enforceable written contract for the provision of specific services.

12. Mitternight performed its contractual obligations under the contract or was excused from performance.

13. Defendant materially breached by refusing to pay for Mitternight's services as required by the Contract.

**CLAIM TWO: QUANTUM MERUIT**

14. Plaintiff hereby alleges and incorporates by reference the facts plead above.

15. In the alternative, and without waiving the foregoing, Mitternight would show that an implied contract existed and was enforceable between Mitternight and Defendant.

16. Mitternight provided valuable services and materials to Defendant.

17. Those valuable services and materials were intended for Defendant.

18. Defendant accepted and used those services and materials.

19. Defendant was provided notice of Mitternight's expectation to be paid for those services and materials.

20. Defendant did not pay Mitternight for those services and materials.

**CLAIM THREE: SUIT ON SWORN ACCOUNT**

21. Plaintiff hereby alleges and incorporates by reference the facts plead above.

22. Mitternight provided services to Defendant.

23. The prices charged were just and true because they were according to the terms of the contract.

24. Mitternight kept a systematic record of the transaction.

25. All lawful offsets, payments, and credits have been applied to the account.

26. The account remains unpaid.

27. The damages are liquidated.

28. This complaint is filed under oath. Mitternight attaches the affidavit verifying this claim as **Exhibit B** and incorporates it by reference.

## V.
## DAMAGES

29. As a direct and consequential result of Defendant's unlawful actions, Mitternight has suffered damages of at least the sum of $119,278.02.

30. Plaintiffs additionally demand pre- and post-judgment interest on its claims at a rate of 18% per annum, as permitted by Texas law. TEX. FIN. CODE § 304.002.

## VI.
## ATTORNEY's FEES

31. Because of Defendant's actions, Mitternight has been required to hire the undersigned attorney and lawfirm to represent it in this action and prosecute its' claims against Defendant. In connection there with, Mitternigth has agreed to pay the undersigned attorney and law firm the reasonable and necessary attorneys' fees incurred by Mitternight in this lawsuit. An award of attorneys' fees would be equitable and just as authorized by §38.001 of the Texas Civil Practices and Remedies Code. Accordingly, Mitternight respectfully requests and seeks herein recovery of Mitternight's reasonable and necessary attorneys' fees.

## VII.
## CONDITIONS PRECEDENT

32. All conditions precedent to Mitternight's claims for relief have either occurred, been performed, or have been waived.

## VIII.
## JURY DEMAND

33. Mitternight demands a trial by jury.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Coven Enterprises, LLC d/b/a Mitternight Boiler Works, Inc. requests that Defendant Citgo Refining & Chemicals Company, LP. be summoned to appear and answer, and that Plaintiff have judgment upon Plaintiff's claims and for the damages pled against the Defendant for the following:

a. Breah of Contract;

b. Quantum Meruit; and

c. Unpaid Accounts

And for such other and further relief to which Mitternight may be equitably or justly entitled.

Respectfully submitted,

**PAPPAS GRUBBS PRICE PC**

By: _____
Steven O. Grubbs (LEAD COUNSEL)
Federal ID: 21932
State Bar No. 00796683
Thomas H. Burton, III
Fed. Id. No. 27622
SBN 24009927
Two Houston Center
909 Fannin, Suite 2500
Houston, Texas 77010
(713) 951-1000 (Telephone)
(713) 951-1199 (Facsimile)
sgrubbs@pappasgrubbs.com
tburton@pappasgrubbs.com

**ATTORNEYS FOR PLAINTIFF**

6